GLENN D. McENDREE *v.* FLORA B. McENDREE

6053                                            499 S.W. 2d 596

Opinion delivered October 8, 1973

*Edgar R. Thompson,* for appellant.

*Bailey, Trimble & Holt,* by *Jack Holt Jr.,* for appellee.

CONLEY BYRD, Justice. This appeal arises out of a property division made in a divorce decree between appel-

lant Glenn D. McEndree and appellee Flora B. McEndree. For reversal appellant contends:

"I. Appellee did not prove that she was a partner in this business and never made any showing that any of the property was in her name and the court erred in awarding her more than a dower interest in and to the property.

II. Monies furnished by Charles S. McEndree Brother of Glenn D. McEndree found their way into the one-half of the net proceeds of the estate awarded to Mrs. McEndree and the court disallowed any credit for sums owed by Glenn D. McEndree to Charles S. McEndree and those sums should have been deducted in determining her interest, if any.

III. The court erred in making a distribution of the assets without receiving from the receiver a full accounting on which to base such distribution."

I. We find no merit in the first contention. Appellee testified that they acquired the property in question and lived in a house trailer until they constructed their house. When they moved into the house they rented the house trailer and accumulated nine or ten more trailers which they rented. She stated that she helped in the operation of the trailer park. Appellant at first admitted that he and appellee owned the Tanglewood Mobile Manor Trailer Park and that after they moved into their house they started acquiring the other trailers. However, he testified that the other trailers were acquired from the accumulated rentals from a trailer owned by his brother. As we view the testimony, the issue before the trial court was one of credibility, and we cannot say that the chancellor's findings were against a preponderance of the evidence.

II. We cannot say that the trial court, in dividing the property, erred in disallowing credit for monies allegedly furnished by appellant's brother. In the first place it is difficult to follow appellant's testimony to determine how much or what part of the brother's money found its way into the trailer park. In the next place appellee denied any

knowledge of any money belonging to the brother going into the business. Furthermore, the proof shows that between the time of the filing of the complaint for divorce and the service of the summons appellant removed certain funds from the parties' savings accounts and mortgaged the trailers for $10,000 and that those funds have not been accounted for by appellant. When appellant's testimony is considered in light of his conduct, we cannot say that the chancellor's finding that the debt to appellant's brother was the sole and separate obligation of appellant is contrary to a preponderance of the evidence.

III. We find no merit in the contention that the trial court erred in making a distribution of the assets without a full accounting from the receiver. We do not find an abstract of the order of distribution. Furthermore, the receiver is not a party to the appeal.

Appellee's attorneys are awarded an additional fee of $1,000 for their services on appeal.

Affirmed.

HOLT, J., not participating.